Hoehn v. Mudge.

---

## Jacob Hoehn v. Elliott W. Mudge.

1. PEREMPTORY INSTRUCTION—*when refusal of, proper.* It is proper to refuse a peremptory instruction where there are disputed questions of fact to be determined in the cause.

2. VERDICT—*when not disturbed as against the evidence.* A verdict based upon conflicting evidence will not be disturbed as against the weight of the evidence unless clearly and manifestly so.

Assumpsit. Appeal from the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.'

W. P. EARLY and C. H. LYNCH, for appellant.

D. H. MUDGE, for appellee; C. H. BURTON, of counsel.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee brought suit against appellant to recover commissions for the sale of a bank building in Edwardsville, Illinois. The amount claimed was $225, being based on a commission of 2½ per cent on $9,000, the price for which the property was sold. The case was twice tried in the Circuit Court. At the first trial there was a verdict in favor of appellee for $161 and a new trial was granted. On the second trial, at the close of all the evidence, appellant moved the court to instruct the jury to find in his favor, but the court refused to so instruct the jury and a verdict was returned in favor of appellee for $225, a motion for a new trial overruled and judgment entered for that amount.

The proofs in the record disclose that in the summer of 1904, appellant had a life interest in a building in Edwardsville, Illinois, where he lived, the fee being held by his son, John Hoehn, who lived in St. Louis, Missouri; that during the summer or early part of the fall of that year, appellant placed the property in the hands of appellee for sale, fixing the price at $9,000, and agreeing to pay a commission of 2½ per cent. It was agreed that all prospective purchasers should be referred to appellee and appellant also informed him that the First National Bank, which occupied the property, wanted to buy it and directed him to see the bank people. Appellee after being employed, advised that the sale be not hurried, as the pavement in front of the property was torn up, but that they wait until the new pavement was finished and a sewer put in, to which appellant consented. After the pavement was finished in November, 1904, appellee called upon the officers of the bank several times in reference to the sale, but was unable to get an offer of more than $7,000. He then advised appellant that it was best not to call on them again, but to try and sell to others and thereby induce the bank officials to pay the price and appel-

lant agreed to this plan. Afterwards appellee tried to sell the property to other people and received two different bids of $8,000 for the same. The fact that others were trying to buy the property was brought to the knowledge of the bank officials. Appellant testified that about March 18, 1905, he notified appellee that his son John would not sell and that they had better drop the matter. Appellee admits the conversation but says it took place the last week in April. On May 3, the wife of appellant visited the son and got him to make a deed to appellant and her, upon the payment to him of $3,200. About May 18, appellant closed a trade for the property with the president and cashier of the bank for $9,000, he agreeing to pay the assessment, amounting to $300, for the pavement and sewer improvements.

On May 23 appellant and his wife executed a deed for the property to the bank and that deed and the deed which the son had executed on May 3, were recorded at the same time.

Appellant contends that the peremptory instruction offered by him at the close of the evidence should have been given and that the evidence does not sustain the verdict. There were disputed questions of fact, which it would clearly have been error on the part of the court below to have refused to submit to the jury.

It was wholly within the province of the jury to decide from the evidence whether appellee was instrumental in procuring the sale, under the terms of his employment, also the question as to when the agency was terminated, if at all, and whether the attempted termination was in good faith. This has been passed upon by two juries, both of which found in favor of appellee. There was evidence tending to support the verdict, the case appears to have been fairly tried, with no substantial errors, and we are therefore of opinion the judgment should be, and it is hereby, affirmed.

*Affirmed.*